UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYRONG JON WILLIAMS,

               Plaintiff,

v.

MUSKEGON COUNTY JAIL
and CLINTON ROSEKOPF,

               Defendants.

_____/

Case No. 1:2cv-399

Hon. Hala Y. Jarbou


**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Tyrong Jon Williams.  For the

reasons set forth below, this complaint should be dismissed for lack of federal jurisdiction.

Plaintiff filed a complaint which stated as follows (in his words):

> Case #18194523SD was dismissed on 10/30/18 on aquittle.  I was retried
> on same case using different case #18197770SD That Judge dismissed, without my
> original Att., straight to sentencing.  My constitutional rights as a US Citizen to a
> fair trial was violated Double Jeopardy!!  And sentenced to 30 days in jail + fines
> and costs.  Case 18194523SD State of Michigan 60th Judicial District ORI61002SJ
> PIN: 201813194.  No driving privileges in 5 yrs file complaint and summons.

Compl. (ECF No. 1, PageID.1).  Plaintiff included exhibits consisting of Registers of Actions for

two cases in Michigan's 60th District Court: *Michigan v. Williams*, No. 18197770SD (offense date

June 29, 2018) (operating while intoxicated 2nd offense and drove while license suspended) (ECF

No. 1-1, PageID.3); and, *Michigan v. Williams*, No. 18194523SD (offense date June 29, 2018)

(same offenses) (ECF No. 1-1, PageID.7).  The registers are difficult to decipher, and plaintiff's

complaint provides no explanation.  The registers reflect that plaintiff was represented by Attorney

Frederick D. Johnson, Jr. in both cases.  *See* PageID.3, 7.  The registers also reflect that plaintiff

was convicted and sentenced in case 18197770SD.  On March 25, 2019, plaintiff pled nolo

contendere for "OPER INTOX 2" and the prosecutor dismissed "OWI 2ND."  PageID.4-5. It

appears that plaintiff was sentenced to a jail term of 30 days at his sentencing on May 6, 2019.

PageID.5.

"Federal courts are courts of limited jurisdiction" which "possess only that power

authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*,

511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction,

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal

citations omitted).  Federal subject-matter jurisdiction "can never be waived or forfeited,"

*Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte*

whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064

(6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh*

*v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule

12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss

any action over which it has no subject-matter jurisdiction").  "[A] district court may, at any time,

*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of

the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v.*

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The caption of plaintiff's complaint lists defendants as "Muskegon County Jail" and "Prosecutor: Rosekopf Clinton."  Compl. at PageID.1.  However, the cryptic complaint does not identify either of these named defendants, allege any claim against them, or seek relief against anyone.  Plaintiff's statement that his constitutional rights were violated by "Double Jeopardy" suggest that this is in the nature of a petition for habeas corpus which would be brought pursuant to 28 U.S.C. § 2254 rather than in a general civil complaint or a civil rights complaint.  In summary, plaintiff's complaint is so attenuated and unsubstantial that it should be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1); *Apple*, 183 F.3d at 479.  Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.


Dated:  May 12, 2023                         /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).